# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>CHRISTOPHER PATE,<br><br>  Defendant. | Case No. CR14-2050<br><br>ORDER FOR PRETRIAL DETENTION |

On the 1st day of December, 2014, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Mark A. Tremmel. The Defendant appeared personally and was represented by his attorney, Jill M. Johnston.

## I. RELEVANT FACTS AND PROCEEDINGS

On November 20, 2014, Defendant Christopher Pate was charged by Indictment (docket number 2) with failure to register as a sex offender. At the arraignment on November 25, 2014, Defendant entered a plea of not guilty and trial was scheduled before Chief Judge Linda R. Reade on January 26, 2015.

Deputy Marshal Richard Manning testified regarding the circumstances underlying the instant charge. In 2001, Defendant was convicted in state court of sexual abuse in the third degree. As a consequence of his conviction, Defendant was required to register as a sex offender. Defendant has lived in the Northern District of Iowa since approximately August 2013 and did not register as a sex offender until November 13, 2014. Defendant

registered with the Sheriff of Black Hawk County the day after investigators interviewed the woman with whom Defendant is living.

Defendant is 44 years old. He was born in Wilson, North Carolina, and lived there most of his life. His father, mother, and brother continue to live in Wilson. Defendant has never been married, but has three children from three separate relationships. His 20-year-old daughter lives in Wilson, but Defendant does not know the whereabouts of his other two children.

Defendant's criminal history begins in 1989, at age 19, when he was convicted in Wilson County, North Carolina, of reckless driving to endanger and resisting or obstructing a public officer. In 1990, Defendant was convicted of no operator's license. In 1991, he was convicted of purchasing or possessing beer under age. In 1992, Defendant was convicted of being intoxicated and disruptive. In 1993, Defendant was convicted of driving while impaired and driving while revoked. In each case, Defendant received a suspended jail term.

On January 21, 1997, Defendant was charged in Wilson County, North Carolina, with larceny. Two days later, he was charged in that county with selling or delivering a counterfeit controlled substance. Defendant initially received a suspended jail term in each case, but his probation was revoked on the larceny charge and he served 30 days in jail.

Defendant told the pretrial services officer that in 1999 he was traveling "state to state" selling magazines, when he decided to stay in Cedar Falls, Iowa. In November 2000, Defendant was charged in Black Hawk County, Iowa, with assault. He was sentenced in March 2001 to 30 days in jail, with all but 5 days suspended. One month later, he was charged in Black Hawk County with four counts of assault, and was convicted of assault with intent to inflict serious injury and assault causing bodily injury. While those assault charges were pending, Defendant was charged in May with possession of a controlled substance. On September 10, 2001, Defendant received a suspended 2-year

prison term on the first assault charge, and a 30-day jail term on the second assault charge, with all but 5 days suspended.

Eight days after being sentenced on the assault charges, Defendant was charged again with assault causing bodily injury. Four days after that, he was charged with sexual abuse in the third degree. On December 18, 2001, Defendant received a suspended 10-year prison term on the sexual abuse charge, but his probation on the initial assault with intent to inflict serious injury was revoked and he was sentenced to a year in prison on the later assault causing bodily injury charge.

On June 26, 2002, Defendant's prison sentence was "reconsidered" and he was placed on probation. On June 25, 2004, however, Defendant was found in violation of his probation and he was placed in the violator's program. Defendant was apparently unsuccessful and his probation was revoked on August 9, 2004. He was discharged from prison on August 23, 2007.

Following his release from prison, Defendant returned to North Carolina. In November 2007 he was charged and later convicted of driving while revoked. He initially received a suspended jail term, but his probation was later violated and he was required to serve 15 days in jail. After that time, Defendant was charged and convicted of possession of cocaine. Defendant was placed on probation, which was extended following a probation violation, and his probation was ultimately revoked on December 5, 2011. At about that time, Defendant was also placed on probation for disorderly conduct, and his probation was revoked in December 2011.

On August 27, 2013, Defendant was charged in Wilson County, North Carolina, with failing to register as a sex offender and failing to report a new address. It was about that time that Defendant moved to Iowa. As previously noted, he failed to register as a sex offender in this district until it became apparent that he was being investigated.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial

officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

### B. Analysis

Turning to the facts in the instant action, Defendant is charged with failure to register as a sex offender. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to § 3142(f)(1)(E).

The evidence against Defendant is strong. It is apparently undisputed that he was required to register as a sex offender. The evidence establishes that he moved to this district in August 2013 and did not register until November 2014 — after investigators interviewed the woman with whom he was living. Defendant has a substantial prior

criminal record, including numerous offenses while on probation or while other charges were pending. Defendant has had his probation revoked on numerous occasions. Defendant does not have substantial ties to the community. His family lives in North Carolina, he has not worked for approximately one year, and is living rent-free with his "Godmother." Furthermore, when a sex offender fails to register, it poses a threat to the community.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

### III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (November 25, 2014) to the filing of this Ruling (December 2, 2014) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 2nd day of December, 2014.

_____
JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA